J. G. SIMRALL & W. S. BODLEY, ET AL. *v.* J. P. MORTIN.

[Abstract Kentucky Law Reporter, Vol. 6—735.]

**Attorney's Contract for Fees.**

Where attorneys under a written contract agree for a per cent. to collect a large claim against a railroad company, they to receive nothing if nothing is collected, the per cent. to be based on the "amount that shall * * * be realized from, or secured to me, of said claim, whether by suit, compromise or otherwise," and they procure judgments and executions, but before they have finally abandoned their efforts, the client forms a syndicate and buys in

the railroad and by such speculation finally makes more than the amount of his claim, the attorneys are entitled to their per cent. if in fact it is shown that their services aided in the securing of the money, if not they are entitled to nothing.

APPEAL FROM JEFFERSON COURT OF COMMON PLEAS.

April 28, 1885.

OPINION BY JUDGE PRYOR:

The appellee, John P. Mortin, being a creditor of the Louisville, Cincinnati & Texas Railroad Company, then an insolvent corporation, for a large sum of money, viz., $82,075, on the 28th day of December, 1874, employed J. R. Hollam, Bodley and Simrall, and R. W. Nooley as his attorneys, with a view, if possible, of collecting said claim. They entered into this contract:

Louisville, Ky., Dec. 28, 1874.

"I have this day employed J. R. Hollam, Bodley and Simrall, and R. W. Nooley as my attorneys to bring one or more suits, as in their judgment may be proper, on my claim against the Louisville, Cincinnati and Texas Railroad Company and others, and for their services I agree to pay each of said three firms a sum of money equal to the value of ten per cent. of amount that shall hereafter be realized from, or secured to me, of said claim, whether by suit compromise, or otherwise, and if nothing of said claim is realized or secured, said attorneys are to receive no compensation."

On this contract Simrall & Bodley instituted this action, in which it is alleged, that in pursuance of said employment they instituted in conjunction with their associate counsel, various suits against the corporation and the directors, and after a judgment of law had been obtained and a return of "no property," they instituted an action in equity against the corporation and divers persons who had been its directors, alleging a breach of trust on their part in declaring and paying out dividends to the amount of $100,000 to preferred stockholders, and that during the pendency of said action and their effort to coerce payment, the defendant, Mortin, formed an association with others for the purpose of purchasing said road under a judgment directing its sale, and that the association did purchase it, and the defendant, Mortin, realized therefrom the sum

26

of $138,000 in money. They therefore claim their ten per cent. on the amount realized in accordance with the terms of the contract.

The defendant, Mortin, admits that he realized this much from the sale of this stock, the result of the purchase made by the syndicate, but says that this association was formed after all hope of recovery in his action at law or equity had terminated, and when it became evident that his only chance for realizing any part of his money was to unite with others in the purchase of the road and risk the future sale of the stock; that in order to accomplish this he became liable for the purchase money of the road incurring other heavy expenses, all of which was done with the consent and·a devise of the appellants who were his counsel.

The only issue made by the defendants to this answer is a denial of the fact that the defenses to the claim were inseparable or that the expectation of a recovery had been abandoned, but on the contrary it is alleged that the claim of the defendant was established as a lien, and that without intending to relinquish their claim for services, they left it with defendant to determine whether it would be best that the suits should progress, or go into the combination and buy the road.

A demurrer was sustained to the reply, and without any testimony being heard the petition was dismissed. The construction of the contract under which their services are claimed has been discussed at great length by counsel, and as the money was not coerced by an execution, or upon a compromise, but was the result under the sale of the stock purchased by the syndicate, it is claimed that the words, "or otherwise" in the contract embraced all the means of which or through which the money might have been collected.

It is plain that the attorneys employed by appellee were to realize or secure something to him by their services, and the words "or otherwise" referred to what was realized or paid to appellee by reason of the efforts on the part of his counsel. .

The claim, after being placed in the hands of counsel, might have been paid without suit or even compromise, or it might have been settled in some way by appellee without consulting counsel, and under such circumstances, if the services of counsel contributed to the payment of the claim, they would certainly be entitled to re-

covery under the contract. This, it seems to us, is the real question in the case.

If realizing by suit was hopeless, and appellee made his debt the result of the speculation in the purchase of the road and a subsequent sale of the stock, it can not be said that the services of the attorneys contributed to his success, or that such was the meaning of the contract between them. If there was no reasonable chance of success by litigation, it can not be maintained that the appellee should be required to run the risk of a speculation that might involve him still more deeply in debt, and because he happened to be successful, therefore be compelled to pay for services that in no way contributed to the result. It is urged, however, by appellants that the chances of recovery were not hopeless, and that as a matter of judgment on the part of appellee, and by their consent without intending to abandon all claim for services, it was thought best to enter into the combination. If so, the attorneys are entitled to such compensation as would be reasonable.

Judgment *reversed* and remanded for proceedings consistent with this opinion.

*Isaac Calswell, A. P. Humphrey, for appellant.*

*Barnett, Noble & Barnett, W. O. & W. L. Dodd, for appellee.*